IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY RAY,

    Plaintiff,                    No. 2:11-cv-1610 DAD

    vs.

CAROLYN W. COLVIN,             ORDER
Commissioner of Social Security,

    Defendant.

_____/

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted in part and denied in part, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

On March 14, 2008, plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning on January 1, 1999. (Transcript (Tr.) at 22, 119-20.) Plaintiff's application was denied initially and on reconsideration. (Id. at 69-73, 77-81.)

/////

Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and an administrative hearing was held before an ALJ on November 17, 2009. (Id. at 35-59.) Plaintiff was represented by counsel and testified at that administrative hearing. In a decision issued on February 11, 2010, the ALJ found that plaintiff was not disabled. (Id. at 29.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since March 14, 2008, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: bipolar disorder, learning disorder (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, repetitive tasks.
>
> 5. The claimant is capable of performing past relevant work as a hand packager, D.O.T. code 920.587-018 medium, unskilled SVP 2. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since March 14, 2008, the date the application was filed (20 CFR 416.920(f)).

(Id. at 24-29.)

On April 14, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's February 11, 2010 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 14, 2011.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper

legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

/////

>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his motion pending before the court plaintiff argues that the ALJ committed the following two principal errors in finding him not disabled: (1) the ALJ erred in failing to find that plaintiff's mental impairment meets or equals the criteria for Listing 12.05C; and (2) the ALJ failed to consider a third party statement.

**I.    Listing 12.05C**

Plaintiff argues that, contrary to the conclusion of the ALJ, the evidence of record establishes that his mental impairment met the requirements of Listing 12.05C. (Pl.'s MSJ (Doc. No. 18) at 9-13.[1])

At step three of the sequential evaluation process, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an

/////

/////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

impairment listed in the Appendix to federal regulations.[2]  20 C.F.R. § 416.920(d).  Conditions set forth in the Listing of Impairments ("Listings") are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs."  Lester, 81 F.3d at 828.  The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary."  Sullivan v. Zebley, 493 U.S. 521, 532 (1990).  If a claimant shows that his impairments meet or equal a Listing, he will be found presumptively disabled.  20 C.F.R. §§ 416.925-416.926; see also Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1221-22 (9th Cir. 2010).

        The claimant bears the burden of establishing a prima facie case of disability under the Listings.  See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002).  To "meet" a listed impairment, the claimant must establish that his condition satisfies each element of the listed impairment.  See Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).  To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to each element of the listed impairment.  Id.

        Under Listing 12.05C, a plaintiff must be found disabled if he shows the following:

> 12.05 Mental Retardation:  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairments before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C.  *A valid* verbal, performance, or *full scale IQ of 60 through 70 and a physical or other mental impairment* imposing an additional

---

[2] The Appendix containing the listed impairments appears in the Regulations at 20 C.F.R., Part 404, Subpart P, Appendix 1.

5

1         and significant work-related limitation of function; . . . .

2 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05 (emphasis added).

3         Here, the ALJ's decision acknowledges that plaintiff was assessed as having a full scale IQ score of 70. (Id.) Indeed, the ALJ afforded that assessment "great weight." (Id.) Moreover, the ALJ also found that plaintiff suffered from the severe impairments of bipolar disorder and a learning disorder. (Tr. at 24.) "[A]n impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987). Thus, "[i]f the claimant has an additional physical or mental impairment which was itself severe, that impairment automatically satisfies the more than slight or minimal effect standard." Gomez v. Astrue, 695 F. Supp.2d 1049, 1062 (C.D. Cal. 2010) (citation omitted).

        As noted above, in order to be found disabled under Listing 12.05C, plaintiff must also show that he has significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairments *before age 22*. In this regard, the assessment which the ALJ afforded "great weight" also noted that plaintiff's "developmental milestones were delayed," that plaintiff "was assessed for special education services," that plaintiff attended a "night school program" during high school so that he could receive "more individual attention," and that plaintiff finally obtained his GED only after taking the exam four times. (Tr. at 235.)

        Notably, "courts have held that a valid qualifying IQ score obtained by the claimant after the age of 22 creates a rebuttable presumption that the claimant's mental retardation began prior to the age of 22, as it is presumed that IQ scores remain relatively constant during a person's lifetime." Flores v. Astrue, No. CV 11-10714-MAN, 2013 WL 146190, at *4 (C.D. Cal. Jan. 11, 2013). See also Talavera v. Astrue, 697 F.3d 145, 152 (2nd Cir. 2012) ("we conclude that Talavera's evidence of a qualifying IQ score as an adult suffices to meet her prima facie burden of establishing that she suffers from 'significantly subaverage

general intellectual functioning . . . initially manifested . . . before age 22.'"); Hodges v. Barnhart, 276 F.3d 1265, 1268-69 (11th Cir. 2001) ("IQ tests create a rebuttable presumption of a fairly constant IQ throughout . . . life."); Muncy v. Apfel, 247 F.3d 728, 734 (8th Cir. 2001) ("Rather, a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning."); Luckey v. U.S. Dept. of Health & Human Services, 890 F.2d 666, 668-69 (4th Cir. 1989) ("in the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ had remained relatively constant."); Woods v. Astrue, No. CIV S-10-2031 GEB EFB, 2012 WL 761720, at *4 (E.D. Cal. Mar. 7, 2012) ("This court finds those cases adopting the rebuttable presumption test persuasive.").

The defendant Commissioner argues that in this case the ALJ reviewed the evidence of record, including the IQ assessment of plaintiff, found that plaintiff's "intellectual and adaptive functioning fell in the borderline range rather than in the range of mild mental retardation" and that the ALJ's findings in this regard are "subject to deference . . ." (Def.'s MSJ (Doc. No. 22) at 10.)  "We do not doubt that an ALJ can decide that an IQ score is invalid." Thresher v. Astrue, 283 Fed. Appx. 473, 475 (9th Cir. 2008).[3]  However, "the listing does not speak to functioning – it speaks only to the IQ score itself." (Id.)

To make a proper step-three finding, "[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.  A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001) (citing Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990)). See 20 C.F.R. §§ 404.1526(c), 416.926(c) ("When we determine if your impairment medically equals a listing, we consider all evidence in your case record about your impairment(s) and its effects on you that is relevant to this finding.")

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1           Here, there is evidence in the record to support a finding that plaintiff met the
2   requirements for Listing 12.05C.  However, as defendant acknowledges, "the ALJ did not
3   specifically address" Listing 12.05C.  (Def.'s MSJ (Doc. No. 22) at 8.)  Under the circumstances
4   presented here, that failure constitutes legal error.  See Thresher, 283 Fed. Appx. at 475
5   (Remanding to the Commissioner for clarification where the evidence supported finding that
6   plaintiff met Listing 12.05C because "the ALJ's failure to reference § 12.05 and, in particular,
7   Listing 12.05C [made] it unclear whether the ALJ came to grips with the specific requirements of
8   that section when she issued her decision."); Ortiz-Arreola v. Astrue, No. 1:09-cv-0702-JLT,
9   2010 WL 2991425, at *12 (E.D. Cal. July 28, 2010) ("In light of Plaintiff's IQ scores, evidence
10  that Plaintiff suffered from her mental condition from an early age and his finding that Plaintiff
11  suffered other severe impairments . . . the ALJ erred by failing to specifically discuss whether
12  Plaintiff's mental condition satisfied the requirements for presumptive disability found at §
13  12.05C."); Gomez, 695 F. Supp.2d at 1061 ("the ALJ committed legal error in failing properly to
14  evaluate whether plaintiff's mental impairment satisfied the introductory paragraph of 12.05 and
15  the first prong of section 12.05C."); cf. Landeros v. Astrue, No. CV 11-7156-JPR, 2012 WL
16  2700384, at *8 (C.D. Cal. July 6, 2012) ("By expressly mentioning Listing 12.05 and explaining
17  why he found it did not apply, the ALJ met his burden to explain why the IQ score was invalid
18  based on other evidence in the record.").
19          Accordingly, the court finds that plaintiff is entitled to summary judgment in his
20  favor with respect to this claim.

21  **II.     Third Party Statement**

22          Plaintiff also argues that the ALJ's opinion failed to properly consider third party
23  statement evidence.  (Pl.'s MSJ (Doc. No. 18) at 13-15.)  In this regard, plaintiff notes that the
24  ALJ's opinion failed to refer to the third party statement of Kathryn Ray, plaintiff's former wife,
25  whose statement was "consistent with [plaintiff's] own testimony."  (Id. at 14.)
26  /////

However, shortly after plaintiff filed his motion for summary judgment in this action, the Ninth Circuit issued its opinion in Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012), holding that "an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims." Id. at 1122 (citations and alterations omitted). Here, plaintiff does not challenge the ALJ's reasons for discrediting plaintiff's claims. Moreover, as noted by plaintiff, the third party statement of his former wife was consistent with plaintiff's claims as supported by his own testimony. Thus the same evidence that the ALJ referred to in discrediting plaintiff's claims would also discredit the third party statement.

Accordingly, plaintiff is not entitled to relief with respect to this argument.

**CONCLUSION**

With error established, the court has discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, the matter must be remanded so that the ALJ may correct the error, noted above, of failing to address Listing 12.05C and continue with the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920, if necessary.

Accordingly, in accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 18) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (Doc. No. 22) is granted in part and denied in part;

3. The decision of the Commissioner of Social Security is reversed for the reasons indicated above; and

4. This case is remanded for further proceedings consistent with this order.

DATED: March 25, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/ray1610.order